BEER, Judge.
Appellant, Fada Mynhier, a bar patron, filed this suit against Harry Frisch, the bar owner, to recover the value of two diamond rings which she allegedly entrusted to Frisch and which disappeared while in his possession. The value of the missing rings was stipulated to be $1,600.
It is uncontested that on the evening of March 6,1976, Mynhier (who had previously worked for Frisch as a barmaid) had a few beers and cashed a $50 check at Frisch’s Bar. In the course of this, she placed two diamond rings on the bar and asked Frisch to hold the rings for her. Frisch, though reluctant to be involved, placed them in a small envelope, wrote “Fada’s rings” on the outside of the envelope and handed same to the bartender, Cochran, who placed it in the change drawer located in back of the bar. This drawer has an open slot cut into it which was approximately one inch high and four inches wide. The drawer is kept locked; the bartender on duty has the key. Four days later, Mynhier came to pick up her rings and was informed that the rings had disappeared.
The trial court concluded that the rings were deposited by Mynhier and voluntarily accepted by Frisch in a manner contemplated by Civil Code Articles 2932, et seq. and noted, accordingly, that the obligation of the depositary was to exercise the same diligence in preserving the deposit that he would use in preserving his own property.
The trial court further determined that the rings had not been returned and, thus, concluded that the depositary had the burden of proving that he exercised due diligence in the preservation of the rings. In that connection, the trial judge noted: “The evidence supports Mr. Frisch’s reasonable conduct in preserving the rings.”
In our view the record amply supports these findings and conclusions.
Mynhier not only had an opportunity to see the manner in which her rings were placed in safekeeping by Frisch, but, from her previous experience as an employee of the bar, would be presumed to know such a neighborhood tavern is not set up to provide extraordinary safekeeping facilities.
The judgment is affirmed, at appellant’s cost.

AFFIRMED.